**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

PERRY A. GRUSS,

    Defendant.

11 Civ. 2420 (RWS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/4/18

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT PERRY A. GRUSS**

The Court having reviewed the motion by Plaintiff Securities and Exchange Commission (the "Commission") for summary judgment against Defendant Perry A. Gruss ("Defendant"), including the Commission's memorandum of law in support of the motion, the SEC's Statement of Undisputed Facts Pursuant to Local Rule 56.1, and the Declaration of Todd D. Brody dated March 11, 2016, and the exhibits annexed thereto, and for good cause shown:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion is GRANTED in part and DENIED as described in the Court's March 28, 2017 Order.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating, while acting as an investment adviser, Section 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(2)] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $227,500 to the Securities and Exchange Commission pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9]. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Perry A. Gruss as the defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

2

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay the penalty due of $227,500 in three installments to the Commission according to the following schedule: (1) $113,750 within 14 days of entry of this Final Judgment; (2) $56,875 within six (6) months of entry of this Final Judgment; and (3) $56,875 within twelve (12) months of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

3

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any debt for civil penalty or other amounts due by Defendant under this Final Judgment is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all other claims that the Commission asserted in its Complaint against Defendant, including claims under Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. § 80b-6(1), (2)], claims for disgorgement, and claims for additional civil penalties, are voluntary dismissed with prejudice by the Commission.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 4, 2018

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PERRY A. GRUSS,

    Defendant.

11 Civ. 2420 (RWS)

### CONSENT OF DEFENDANT PERRY A GRUSS

1. Defendant Perry A. Gruss ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(2)]; and

    (b) orders Defendant to pay a civil penalty in the amount of $227,500 to the Securities and Exchange Commission pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9].

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

1

are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

2

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant will not take any action or make or permit to be made any public statement denying, directly or indirectly, any factual finding contained in the Court's March 28, 2017 Opinion in this case. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: May 2, 2018

Perry A. Gruss

On Dorado May 2, 2018, Perry A. Gruss, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires: Permanent Commission

Approved as to form

Nick Akerman
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9217
Attorney for Defendant Perry A. Gruss

4